

FILED
IN OPEN COURT

JUN 1 2 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:14-cr-213 |
| v. | Counts 1 through 3: 18 U.S.C. § 1343 Wire Fraud |
| MARCEL LEHEL LAZAR | |
| a/k/a "GUCCIFER" a/k/a "GUCCIFER SEVEN" a/k/a "MICUL FUM" a/k/a "MARCEL LAZAR LEHEL" | Counts 4 through 6: 18 U.S.C. § 1030(a)(2)(C) Unauthorized Access of a Protected Computer |
| | Count 7: 18 U.S.C. § 1028A(a)(1) Aggravated Identity Theft |
| Defendant. | Count 8: 18 U.S.C. § 2261A(2)(B) Cyberstalking |
| | Count 9: 18 U.S.C. § 1519 Obstruction of Justice |
| | Notice of Forfeiture |

## INDICTMENT

June 2014 TERM — at Alexandria, Virginia

## Introduction

THE GRAND JURY CHARGES THAT:

At all times relevant to this Indictment:

1.      Defendant MARCEL LEHEL LAZAR resided in or near Arad, Romania.
As set forth more fully below, LAZAR specialized in gaining unauthorized access to the online accounts of high-profile individuals and publicly releasing his victims' information, including the content of emails, personal identifying information, and other private property.

2.      LAZAR was also known as "GUCCIFER," "GUCCIFER SEVEN,"
"MICUL FUM," and "MARCEL LAZAR LEHEL."

3.      AOL Inc. was a corporation headquartered in Dulles, Virginia, within the Eastern
District of Virginia, that provided a variety of online services to the public, including email

access. The company's email servers were located in Loudoun County, Virginia, within the Eastern District of Virginia.

4.      Facebook, Inc. was a corporation headquartered in Menlo Park, California, that provided a variety of online services to the public, including social media and email access.

5.      Google Inc. was a corporation headquartered in Mountain View, California, that provided a variety of online services to the public, including email access.

6.      Yahoo! Inc. was a corporation headquartered in Sunnyvale, California, that provided a variety of online services to the public, including email access.

7.      Victim 1, known to the grand jury, was a family member of two former U.S. presidents who was the true owner of an AOL account known to the grand jury.

8.      Victim 2, known to the grand jury, was a sanitation engineer who was the true owner of an AOL account known to the grand jury.

9.      Victim 3, known to the grand jury, was a former U.S. Cabinet member who resided in the Eastern District of Virginia. Victim 3 was the true owner of an AOL account with subaccounts and a Facebook account, all known to the grand jury.

10.     Victim 4, known to the grand jury, was a former member of the U.S. Joint Chiefs of Staff who was the true owner of a Facebook account known to the grand jury.

11.     Victim 5, known to the grand jury, was a journalist and former presidential advisor who was the true owner of an AOL account with subaccounts known to the grand jury.

12.     Witness 1, known to the grand jury, was a foreign national and former senior foreign government official who was the true owner of a Yahoo account known to the grand jury.

13.     The above introductory allegations are realleged and incorporated in each count of this Indictment as though fully set out in each count.

## COUNTS 1–3

Wire Fraud

THE GRAND JURY FURTHER CHARGES THAT:

### Scheme and Artifice

14.     Beginning in at least October of 2012 and continuing until at least on or about

January 22, 2014, in the Eastern District of Virginia and elsewhere, the defendant,

MARCEL LEHEL LAZAR, knowingly devised and intended to devise a scheme to defraud the

victims below, and to obtain money and property by means of materially false and fraudulent

representations, pretenses, and promises, and, for the purpose of executing such scheme,

transmitted by means of wire communications in interstate commerce certain writings, signs,

signals, and sounds.

### Manner and Means

It was part of the scheme and artifice to defraud that:

#### Victim 1

15.     On or about December 22 and 25, 2012, and on or about January 5, 2013, the

defendant, MARCEL LEHEL LAZAR, accessed without authorization Victim 1's AOL account.

LAZAR obtained without authorization contents from the account, including Victim 1's

confidential information and property, such as private email correspondence, medical

information, photographs, and a contact list containing the names, home addresses, telephone

numbers, and other identifying information of Victim 1's family members.  LAZAR attempted to

conceal his identity by accessing the account from proxy servers located in Russia.

16.     In or about February of 2013, the defendant, MARCEL LEHEL LAZAR,

accessed without authorization Victim 2's AOL account.  LAZAR, without authorization, sent

multiple emails from Victim 2's account to various media organizations attaching content that

LAZAR had unlawfully obtained from Victim 1's AOL account, including confidential information and property, such as private email correspondence, medical information, photographs, home addresses, and telephone numbers. LAZAR marked some of the content with his alias "GUCCIFER." Multiple media organizations published portions of the confidential information and property on or about February 7, 2013.

### Victim 3

17.     On or about March 11, 2013, the defendant, MARCEL LEHEL LAZAR, while accessing his personal Facebook account, searched for the AOL account of Victim 3. Also on or about March 11, LAZAR accessed without authorization Victim 3's Facebook and AOL accounts. LAZAR obtained, without authorization, contents from the AOL account, including Victim 3's confidential information and property, such as private email correspondence and financial information. LAZAR also reset the passwords to Victim 3's Facebook and AOL accounts. LAZAR attempted to conceal his identity by accessing these accounts from proxy servers located in Russia.

18.     Also on or about March 11, 2013, the defendant, MARCEL LEHEL LAZAR, created folder named after Victim 3. In the folder, LAZAR created a file titled "PSWD.rtf." The file contained the original password created by Victim 3 for the AOL account, the new password created by LAZAR for Victim 3's AOL account, and information about several contacts listed in Victim 3's accounts. Also on or about March 11, LAZAR created a subfolder entitled "FACEBOOK." The folder contained screen captures of activity while LAZAR unlawfully accessed Victim 3's Facebook account.

19.     Also on or about March 11, the defendant, MARCEL LEHEL LAZAR, without authorization, used Victim 3's Facebook account to publicly post the following messages, among

others: "You will burn in hell, Bush!" and "Kill the illuminati! Tomorrow's world will be a world free of illuminati or will be no more!"

20.     On or about March 12, 2013, the defendant, MARCEL LEHEL LAZAR, without authorization, sent an email from Victim 3's AOL account entitled "blair rumsfeld powell kissinger tennet mails!" to dozens of media organizations. In the email, LAZAR wrote, in part, that "the 9/11 victim's blood is on my hands." LAZAR attached content to the email that LAZAR had unlawfully obtained from Victim 3's account, including confidential information and property, such as private email correspondence and financial information. LAZAR marked some of the content with his alias "GUCCIFER."

21.     On or about March 15, 2013, the defendant, MARCEL LEHEL LAZAR, accessed without authorization Victim 2's AOL account. Then LAZAR, without authorization, sent an email from Victim 2's account to dozens of congressional staffers attaching content that LAZAR had unlawfully obtained from Victim 3's AOL account, including confidential information and property, such as private email correspondence. LAZAR marked some of the content with his alias "GUCCIFER."

22.     On or about July 25, 2013, the defendant, MARCEL LEHEL LAZAR, while accessing his own personal Facebook account, searched for Witness 1's name.

23.     On or about July 29, 2013, the defendant, MARCEL LEHEL LAZAR accessed without authorization Witness 1's Yahoo account. LAZAR then obtained, without authorization, contents from Witness 1's account, including confidential information and property, such as private email correspondence, photographs, and medical information. LAZAR took screenshots of private email correspondence between Victim 3 and Witness 1 and uploaded those screenshots to a Google Drive account. LAZAR marked some of the content with his alias "GUCCIFER."

24.     On or about July 29, 2013, the defendant, MARCEL LEHEL LAZAR, accessed without authorization Victim 4's Facebook account. Then LAZAR, without authorization, sent a message from Victim 4's Facebook account to Victim 3's Facebook account, with the intent of provoking a response from Victim 3. The message contained a link to the Google Drive account with screenshots of private email correspondence between Victim 3 and Witness 1.

25.     On or about July 31, 2013, the defendant, MARCEL LEHEL LAZAR, accessed without authorization Victim 4's Gmail account. Then LAZAR, without authorization, sent an email from Victim 4's account to Victim 3's Gmail account, with the intent of provoking a response from Victim 3. The message contained a link to the Google Drive account with screenshots of private email correspondence between Victim 3 and Witness 1.

26.     Between approximately July 29 and August 1, 2013, the defendant, MARCEL LEHEL LAZAR, without authorization, distributed to two media organizations content that LAZAR had unlawfully obtained from Witness 1's account, including confidential information and property, such as private email correspondence and photographs. The email correspondence included new emails between Victim 3 and Witness 1 about the messages that LAZAR sent Victim 3 on July 29 and 31. The media organizations published portions of the confidential information and property on or about August 1, 2013.

**Victim 5**

27.     On or about March 14, 2013, the defendant, MARCEL LEHEL LAZAR, accessed without authorization Victim 5's AOL account. LAZAR then obtained, without authorization, contents from the account, including Victim 5's confidential information and property, such as private email correspondence, home address, and telephone numbers. LAZAR also reset the account password and security questions. Also on or about March 14, LAZAR accessed without

authorization a subaccount to Victim 5's AOL account. Then LAZAR, without authorization, sent an email from Victim 5's subaccount to a media organization attaching content that LAZAR had unlawfully obtained from Victim 5's account, including confidential information and property, such as private email correspondence and telephone numbers. LAZAR marked some of the content with his alias "GUCCIFER." LAZAR attempted to conceal his identity by accessing the account from a proxy server located in Russia.

28.     On or about March 15, 2013, the defendant, MARCEL LEHEL LAZAR, without authorization, sent an email from Victim 2's account to multiple media organizations attaching content that LAZAR had unlawfully obtained from Victim 5's account, including confidential information and property, such as private email correspondence and telephone numbers. LAZAR marked some of the content with his alias "GUCCIFER."

**Guccifer Archive**

29.     On or about December 18, 2013, the defendant, MARCEL LEHEL LAZAR, without authorization, sent separate emails to two media organizations. The emails provided access to content that LAZAR had unlawfully obtained from Victim 1, Victim 3, Victim 5, and Witness 1's online accounts, including confidential information and property, such as private email correspondence, photographs, medical information, and financial information. LAZAR marked some of the content with his alias "GUCCIFER." The media organizations published portions of the confidential information and property on or about January 6 and 22, 2014.

### Interstate Wire Communications

30.     On or about the dates listed below, in the Eastern District of Virginia and elsewhere, the defendant, MARCEL LEHEL LAZAR, for the purpose of executing the scheme and artifice described above, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the signals and sounds described below

for each count, each transmission constituting a separate count; namely, LAZAR, from Romania, without authorization, accessed by means of the Internet each victim's AOL account located on servers in the Eastern District of Virginia and obtained the victim's confidential information and property, for the purpose of publicly disseminating the information and property to third-parties:

| COUNT | APPROXIMATE DATE | VICTIM |
|:-----:|:----------------:|:------:|
| 1 | December 22, 2012 | 1 |
| 2 | March 11, 2013 | 3 |
| 3 | March 14, 2013 | 5 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 4–6

### Unauthorized Access of a Protected Computer

THE GRAND JURY FURTHER CHARGES THAT:

31.    The factual allegations contained in Counts 1 through 3 are realleged and incorporated by reference here.

32.    On or about the following instances, each instance constituting a separate count, in the Eastern District of Virginia and elsewhere, the defendant, MARCEL LEHEL LAZAR, intentionally accessed a computer without authorization and thereby obtained the following information from a protected computer, and the offense was committed in furtherance of a criminal and tortious act in violation of the Constitution and the laws of the United States, specifically, Wire Fraud, in violation of Title 18, United States Code, Section 1343, and Cyberstalking, in violation of Title 18, United States Code, Section 2261A(2)(B), and the offense was committed in furtherance of a criminal and tortious act in violation of the laws of the Commonwealth of Virginia, specifically, Computer Fraud, in violation of Virginia Code § 18.2-152.3, Computer Invasion of Privacy, in violation of Virginia Code § 18.2-152.5(A) and (D), and Using a Computer to Gather Identifying Information, in violation of Virginia Code § 18.2-152.5:1(A) and (B); namely, LAZAR, from Romania, without authorization, accessed, by means of the Internet, each victim's AOL account located on servers in the Eastern District of

Virginia and obtained the victim's confidential information and property, for the purpose of publicly disseminating the information and property to third-parties:

| COUNT | APPROXIMATE DATE | VICTIM |
|:-----:|:----------------:|:------:|
| 4 | December 22, 2012 | 1 |
| 5 | March 11, 2013 | 3 |
| 6 | March 14, 2013 | 5 |

All in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii).

## COUNT 7

Aggravated Identity Theft

THE GRAND JURY FURTHER CHARGES THAT:

33.     The factual allegations contained in Counts 1 through 6 are realleged and incorporated by reference here.

34.     On or about July 29 and 31, 2013, in the Eastern District of Virginia and elsewhere, the defendant, MARCEL LEHEL LAZAR, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, Victim 4, during and in relation to the Wire Fraud offense charged in Count 2 of this indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 8

Cyberstalking

THE GRAND JURY FURTHER CHARGES THAT:

35.     The factual allegations contained in Counts 1 through 7 are realleged and incorporated by reference here.

36.     Beginning at least on or about March 11, 2013, and continuing until at least on or about January 22, 2014, in the Eastern District of Virginia and elsewhere, the defendant, MARCEL LEHEL LAZAR, with the intent to harass, intimidate, and place under surveillance with intent to harass and intimidate another person, specifically Victim 3, used an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim 3 and Victim 3's immediate family members.

All in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT 9

Obstruction of Justice

THE GRAND JURY FURTHER CHARGES THAT:

37.   The factual allegations contained in Counts 1 through 8 are realleged and incorporated by reference here.

38.   In or about December of 2013, in or near Arad, Romania, the defendant, MARCEL LEHEL LAZAR, did knowingly alter, destroy, mutilate, and conceal a tangible object, specifically a computer and mobile phone, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter that the defendant knew and contemplated was within the jurisdiction of a department and agency of the United States, and in relation to and contemplation of such matter and case, that is, in relation to and contemplation of an investigation by federal authorities into the defendant's fraudulent and unauthorized access of protected computers in violation of federal law.

All in violation of Title 18, United States Code, Section 1519.

## NOTICE OF FORFEITURE

18 U.S.C. §§ 981, 982, and 1030; 21 U.S.C. § 853; and 28 U.S.C. § 2461

39.     The factual allegations contained in Counts 1 through 9 of this Indictment are reatleged and incorporated by reference for the purpose of alleging forfeiture.

THE GRAND JURY HEREBY FINDS THAT:

40.     There is probable cause that the property described in this NOTICE OF FORFEITURE is subject to forfeiture pursuant to the statutes described herein.

41.     Pursuant to Federal Rule of Criminal Procedure 32.2(a), the United States of America gives notice to the defendant, MARCEL LEHEL LAZAR, that, in the event of his conviction of any of the offenses charged in Counts 1 through 9 of this Indictment, the United States intends to forfeit the defendant's property as further described in this NOTICE OF FORFEITURE.

42.     Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), if the defendant, MARCEL LEHEL LAZAR, is convicted of wire fraud, in violation of Title 18, United States Code, Section 1343, or unauthorized access of a protected computer, in violation of Title 18, United States Code, Section 1030, then he shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the wire fraud scheme and the unauthorized access of the protected computer.

43.     Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i) and (j), if the defendant MARCEL LEHEL LAZAR, is convicted of unauthorized access of a protected computer, in violation of Title 18, United States Code, Section 1030, then he shall forfeit to the United States of America his interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such violation, and any property,

real or personal, constituting or derived from, any proceeds that he obtained, directly or

indirectly, as a result of such violation.

## SUBSTITUTE ASSETS

44.    If any of the property described above, as a result of any act or omission of

the defendant, MARCEL LEHEL LAZAR,

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided
          without difficulty,

the United States of America shall be entitled to and intends to seek forfeiture of substitute

property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

United States Code, Section 2461(c).

Pursuant to Title 18, United States Code, Sections 981, 982, and 1030; Title 21, United States
Code, Section 853; Title 28, United States Code, Section 2461.

A TRUE BILL:
Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

_____
Foreperson
United States Grand Jury

DANA J. BOENTE
UNITED STATES ATTORNEY

_____
Peter V. Roman
Special Assistant united States Attorney (LT)

Ryan K. Dickey
Assistant United States Attorney